IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKIE JAYNE ALLMAN,  )
          )
    Plaintiff,  )
          )
  -vs-  )  Civil Action No. 15-1223
          )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
          )
    Defendant.  )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 14) and denying Defendant's Motion for Summary Judgment. (ECF No. 16).

### **I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff alleges she became disabled on January 10, 2013. (ECF No. 8-6, p. 5). Administrative Law Judge ("ALJ"), Michael S. Kaczmarek, held a hearing on August 6, 2014. (ECF No. 8-2, pp. 27-61). On September 26, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 12-22). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 14 and 16). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Opinion Evidence</u>

Plaintiff argues that the ALJ erred in giving great weight to the opinion of the non-examining state agency psychologist over her treating physicians and the consulting examiner. (ECF No. 15, pp. 10-13). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.157(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory

3

diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, Plaintiff specifically argues that the ALJ erred in giving great weight to the non-examining state agency psychologist, who did not have all of the objective records when he rendered his opinion, over the opinions of Plaintiff's treating physicians and/or the consultative psychologist. (ECF No. 15, pp. 10-13). The ALJ in this case gave great weight to the opinion of Dr. Schiller, the state agency psychologist, based on the sole reason that "his assessment is

4

consistent with and supported by the medical and other substantial evidence." (ECF No. 8-2, p. 19). This is inadequate boiler plate language. An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether his opinion is based on substantial evidence. An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. Without more from the ALJ in this case, I am unable to make a meaningful and proper review to determine if the ALJ's opinion is based on substantial evidence.[1]

Consequently, remand is warranted on this issue. Therefore, I am remanding for full and proper analysis of the medical opinion evidence. On remand, the ALJ should be more specific as to what evidence supports each conclusion.[2]

### C. <u>Listings 12.04 and 12.06</u>

Plaintiff argues that the ALJ erred in finding that her mental health conditions do not meet the criteria of mental health listings 12.04 and 12.06. (ECF No. 15, pp. 14-16). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se*

---

[1] In opposition, Defendant attempts to argue that the ALJ sufficiently addressed Dr. Schiller's opinion. (ECF No. 17, pp. 10-14). The vast majority of the reasons set forth by Defendant were not relied upon by the ALJ. *Compare* ECF No. 17 *with* ECF No. 8-2, 12-22. The review of an administrative order must be judged upon those bases set forth and disclosed in that order. *Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001). Thus, to consider post hoc rationalizations not listed by the ALJ runs contrary to the law. *Id.* Therefore, it is improper for me to consider those arguments.

[2] Plaintiff's next argument is that the ALJ erred in assessing her residual functional capacity ("RFC"). (ECF No. 15, pp. 13-14). Since I am remanding on the issue of the ALJ's assessment of the opinion evidence, the RFC cannot stand and must be reassessed on review.

disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (quoting *Sims v. Apfel,* 530 U.S. 103 (2000)).

Here, Plaintiff specifically argues that she meets two listings (20 C.F.R. Pt. 404, Subpt. P, Appx.1 §§12.04 and Listing 12.06). (ECF No. 15, pp. 14-16). To fall within the listed impairment of §§12.04 or 12.06, a plaintiff must meet part A and either part B or part C.[3] In support of the same, Plaintiff first asserts that the "record clearly demonstrates that she meets the requirements set forth in A and B" or, alternatively, that she meets the requirements in C. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

Additionally, in one sentence, Plaintiff essentially asserts that the ALJ failed to set forth more than a conclusory statement as to why she did not meet these listings. (ECF No. 15, p. 16). I find this argument is underdeveloped. Nonetheless, remand on this issue is warranted as the ALJ based this assessment on, *inter alia,* Dr. Schiller's opinion. Since I am remanding on the issue of the weight given to the opinion of Dr. Schiller, the ALJ's analysis of whether Plaintiff meets or equals a listing cannot stand and must be reconsidered on remand, as well.

An appropriate order shall follow.

---

[3]Part A is a set of medical findings and parts B and C are sets of impairment-related functional limitations. *See,* 20 C.F.R. Pt. 404, Subpt. P, Appx.1 §12.00.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKIE JAYNE ALLMAN,                )
                                    )
       Plaintiff,               )
                                    )
  -vs-                              )    Civil Action No. 15-1223
                                    )
CAROLYN W. COLVIN,                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
       Defendant.               )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 31st day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 14) is granted and Defendant's Motion for Summary Judgment (Docket No. 16) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge